Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELIZABETH HENRIQUES,

*Plaintiff,*

v.

CABLEVISION SYSTEMS CORPORATION and/or its successor other ALTICE T/A OPTIMUM,

*Defendants.*

Civil Action No. 17-3970 (JMV) (JBC)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This matter concerns alleged age discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"). Currently, two motions are pending before the Court: one by Defendant CSC Holdings, LLC ("CSC Holdings")[1] to dismiss Plaintiff Elizabeth Henriques' Complaint with prejudice, and one by Plaintiff to remand this case to the Superior Court of New Jersey. D.E. 5, 6. The Court reviewed the parties' submissions[2] and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth

---

[1] CSC Holdings indicates that it was incorrectly identified as Cablevision Systems Corporation and/or its successor Altice T/A Optimum.

[2] The following briefs were submitted in connection with the two motions: Memorandum of Law in Support of Defendant CSC Holdings' Motion to Dismiss, D.E. 5, hereinafter "Defendant's Brief" or "Def. Br."; Plaintiff's Brief Opposing Defendant's Motion to Dismiss, D.E. 11, hereinafter "Opposition" or "Opp."; Reply Brief in Further Support of Defendant CSC Holdings' Motion to Dismiss, D.E. 13, hereinafter "Reply" or "Reply Br."; Brief in Support of Plaintiff's Motion to Remand this Matter back to the Superior Court of the State of New Jersey, D.E. 6, hereinafter "Remand Brief" or "Remand Br."; Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Remand, D.E. 12, hereinafter "Remand Opposition" or "Remand Opp."

below, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's motion to remand is **DENIED**.

I. **Factual Background & Procedural History**

The following facts are taken from the Complaint, D.E. 1-1. Plaintiff was employed by Defendant as a customer service representative from June 1998 until she was fired on or about December 11, 2016. Compl. at ¶¶ 2, 5. When she was fired, Plaintiff was seventy-one years old. *Id.* at ¶¶ 4-5. Plaintiff alleges that she was fired because of her age, and that the decision was "intentional willful, malicious and egregious." *Id.* at ¶ 7. Plaintiff claims that she "was qualified to work in her position, and her performance equaled and/or exceeded her employers' reasonable expectations and/or the performance of similarly situated employees." *Id.* at ¶ 3. The Complaint does not list counts, but rather states that Defendant violated the NJLAD and the Conscientious Employee Protection Act ("CEPA").[3]

The Complaint was initially filed in the Superior Court of New Jersey on March 29, 2017. Ex. A to D.E. 1. Defendant removed the action to this Court on June 2, 2017. D.E. 1. The current motions followed.

II. **Standard of Review**

a. **Remand**

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." After a matter is filed in state court, a defendant may remove any action over which the federal courts have jurisdiction. 28 U.S.C. § 1441(a). The

---

[3] Plaintiff concedes that "there is no factual basis for a CEPA claim against Defendants[.]" Opp. at 13. The CEPA claim is therefore dismissed with prejudice.

2

party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* For removal to be proper, a federal court must have original jurisdiction, that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States," or there must be complete diversity between the parties. *Concepcion v. CFG Health Sys. LLC*, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013); *see also* 28 U.S.C. § 1332.

To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), the federal diversity statute, no plaintiff can be a citizen of the same state as any of the defendants and the amount in controversy must exceed $75,000.00.[4] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187, (1992); *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 Fed. App'x 289, 292 (3d Cir. 2010). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

### b. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that

---

[4] Plaintiff does not cite a dollar amount in her Complaint, but she requests: "back pay, front pay, compensatory, consequential and incidental" damages, punitive damages, "enhanced statutory attorneys [sic] fees," interest, and costs of her suit. Compl. at ¶ 7. Plaintiff does not contend that the amount in controversy is less than the statutory threshold.

3

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. Analysis

#### a. Motion for Remand

In her motion for remand, Plaintiff argues that diversity jurisdiction does not exist because Plaintiff is a citizen of New Jersey, noting that Defendant does business and made the decision to terminate Plaintiff in New Jersey. Opp. at 5. Plaintiff argues that New Jersey is the "nerve center" of Defendant's operations, and thus both parties are citizens of New Jersey. *Id.* at 6. Defendant argues in response that diversity exists because it is a citizen of both Delaware and New York: Delaware because it is where Defendant is incorporated and New York because it is Defendant's principal place of business. Remand Opp. at 4-6.

The Court finds that diversity jurisdiction exists. Plaintiff argues that she worked for Defendant in New Jersey and that the decision to fire her was also made there. However, these facts do not indicate that New Jersey was Defendant's principal place of business or "nerve center."

4

*See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (defining the "nerve center" of a corporation as "where the corporation's high level officers direct, control, and coordinate the corporation's activities). Plaintiff also bases much of her analysis on *Brewer v. SmithKline Beecham Corp.*, 774 F.Supp.2d 721 (E.D. Pa. 2011), which has since been rejected by the Third Circuit. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 348-49 (3d Cir. 2013). *Brewer* applied the "nerve center" test to determine the citizenship of a limited liability corporation ("LLC"), a rule that has since been revised in favor of determining the citizenship of an LLC by the citizenship of its members. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 & n. 15 (3d Cir. 2015) ("[T]he citizenship of an LLC is determined by the citizenship of its members; "[f]or complete diversity to exist, all of the LLC's members 'must be diverse from all parties on the opposing side'") (internal citations omitted).

CSC Holdings is a limited liability company. As such, the Court looks to the citizenship of its members in conducting the diversity analysis. Cablevision Systems Corporation ("CSC Corp.") is the sole member of CSC Holdings as it owns all outstanding membership interests in CSC Holdings. *See* D.E. 12-1 (hereinafter "Pillai Decl.") at ¶ 2. CSC Corp. is incorporated in Delaware and has its principal place of business in Bethpage, New York. *Id.* at ¶¶ 6-7. CSC Corp.'s board meets in Bethpage, and its senior officers (including the Chairman and Chief Executive Officer, Chief Financial Officer, and General Counsel) work in the Bethpage office. *Id.* at ¶ 7. The Newark, New Jersey call center where Plaintiff worked is "one of hundreds" of CSC Holdings locations. *Id.* at ¶ 11. The Senior Vice President who manages the Newark location, Mike Politz, works out of the Bethpage headquarters. *Id.* at ¶ 11. Plaintiff did not file a reply to Defendant's Opposition to her motion for remand, nor did Plaintiff provide any further proof that CSC Holdings or CSC Corp. are citizens of New Jersey. Thus, the Court finds that Defendant has

met its burden of showing that diversity jurisdiction exists, and Plaintiff's motion for remand is denied.

b. **Motion to Dismiss**

In their motion to dismiss, Defendant argues that Plaintiff has failed to allege anything more than "bald assertions unsupported by any factual allegations." Def. Br. at 5. It also asserts that Plaintiff has failed to address one of the elements of an NJLAD action—that she was replaced by someone younger. *Id.* at 8. In Plaintiff's Opposition, she argues that she need only plead a *prima facie* case of discrimination, not prove one, and that she has sufficiently plead all the elements. Opp. at 6. She further argues that the fourth element is no longer enforced, *id.* at 8, and that Defendant has failed to proffer a reason for her termination. *Id.* at 7.

The NJLAD makes it unlawful "[f]or an employer, because of the . . . age . . . of any individual . . . to discriminate against such individual in compensation or in terms, conditions, or privileges of employment[.]" N.J.S.A. § 10:5–12(a). The "plaintiff bears the initial burden of establishing a *prima facie* case of unlawful discrimination." *Sgro v. Bloomberg L.P.*, 331 Fed.App'x 932, 937 (3d Cir. 2009). Once she does, the burden shifts to the employer to provide a "legitimate, nondiscriminatory reason for the employer's action." *Id.* To make a *prima facie* showing, plaintiff must allege that she (1) is a member of the protected class, (2) was qualified for the position held, (3) suffered an adverse employment action, and (4) "ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination." *Id.* at 938. The "core" of a *prima facie* case is "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion, such as age." *Fischer v. Allied Signal Corp.*, 947 F.Supp. 797, 805 (D.N.J. 1997).

Plaintiff's Complaint is short and comprised of numerous conclusory allegations. In her Opposition to the motion to dismiss, Plaintiff attempts to add more factual allegations. Opp. at 4. However, Plaintiff cannot amend her Complaint through her opposition brief. *Pennsylvania ex rel. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

Defendant also argues that, as to the fourth factor of a *prima facie* case of discrimination, Plaintiff fails to plead that she was replaced by a younger worker. In her Opposition, Plaintiff argues that the fourth factor is no longer a requirement. *See* Opp. at pg. 7-8. Defendant, by comparison, cites to a District of New Jersey case from 2016 that enforced the fourth factor in an age discrimination case, *Molnar v. Covidien LP*, 2016 WL 1597242, at *2 (D.N.J. Apr. 21, 2016) ("In order to establish a *prima facie* case of age discrimination under the NJLAD, Molnar must show . . . he "ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination.") (internal citations omitted); *aff'd* 2017 WL 1405733 (3d Cir. Apr. 19, 2017). However, *Molnar* was decided at the summary judgement stage, rather than on a motion to dismiss. Moreover, another court in this District at the summary judgment stage has indicated that "[a]s to the last element for a *prima facie* case under the LAD, "[t]he focal question is not necessarily how old or young the claimant or his replacement was, but rather whether the claimant's age, in any significant way, 'made a difference' in the treatment he was accorded by his employer." *Arenas v. L'Oreal USA Prod., Inc.*, 790 F. Supp. 2d 230, 237 (D.N.J. 2011) (citations omitted), *aff'd*, 461 Fed. Appx. 131 (3d Cir. 2012).

Thus, the Court does not dismiss this matter for failure to adequately plead the fourth element. Instead, the Court dismisses the Complaint for an otherwise lack of plausible allegations.

Among other things, Plaintiff must make plausible allegations that show, or create a reasonable inference, that her termination was due to unlawful age discrimination.

For the foregoing reasons, the Court grants Defendant's motion to dismiss.

## IV. Conclusion

For the reasons stated above, the motion to remand is denied, and the Complaint is dismissed without prejudice as to the NJLAD claim. The CEPA claim is dismissed with prejudice. As to the NJLAD claim, Plaintiff is granted leave to file an Amended Complaint. Plaintiff has thirty (30) days to file an Amended Complaint, if she so chooses, consistent with this Opinion. If Plaintiff fails to file an Amended Complaint, the dismissal will be with prejudice. An appropriate Order accompanies this Opinion.

Dated: June 18, 2018

_____
John Michael Vazquez, U.S.D.J.